THIS OPINION IS A PRECEDENT OF
THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: February 3, 2011

Cancellation No. 92051525

General Council of the Assemblies
of God dba Gospel Publishing House

v.

HERITAGE MUSIC FOUNDATION

**Cheryl Butler, Attorney, Trademark Trial and Appeal Board:**

In accordance with the last scheduling order, expert disclosures were due by July 7, 2010, the discovery period was set to close on August 6, 2010 and petitioner's trial period was set to open on October 5, 2010. On July 7, 2010, respondent disclosed to petitioner that it would rely on the expert testimony of Dawn Johnson. This case now comes up on petitioner's motion, filed July 14, 2010, "to strike" respondent's expert witness testimony due to improper disclosure. That is, petitioner seeks to exclude the testimony to be proffered by the identified expert witness. Respondent filed a response and a supplemental response, both on July 29, 2010.

In support of its motion, petitioner argues that respondent's expert disclosure fails to comply with Fed. R. Civ. P. 26(a)(2) for the following reasons: 1) it is not signed by Ms. Johnson; 2) it

does not include a list of all publications authored by Ms. Johnson; 3) it does not include a list of all other cases over the past four years in which Ms. Johnson testified as an expert at trial or by deposition; 4) and it does not include a statement of the compensation paid to Ms. Johnson. Petitioner, relying on Trademark Rule 2.120(a), 37 C.F.R. § 2.120(a), further argues that respondent did not inform the Board of its designation of an expert; and that Ms. Johnson does not appear to have the qualifications of an expert. Accompanying petitioner's motion is a copy of the report, a copy of the information considered by Ms. Johnson in preparing her report, and Ms. Johnson's curriculum vitae, all of which were part of respondent's timely disclosure.

In response, respondent argues that consideration of the effect of the omission of the items is under the standard of Fed. R. Civ. P. 37(c)(1) of "substantial justification or harmless." More particularly, respondent contends that the surprise to petitioner is small; that, due to the timing of the pretrial and trial schedules in this administrative proceeding, petitioner has adequate time to hire an expert should it choose to do so, and thus is able cure any surprise arising from the incomplete disclosure; and that, again due to the schedule, allowing the evidence would not disrupt the trial. Respondent also argues that it may readily cure the deficiencies to its disclosure. To that end, respondent provides information concerning the fee paid to Ms. Johnson, the identity of another proceeding in which Ms. Johnson provided expert testimony, and a

statement that Ms. Johnson has no publications in the last ten years. Respondent's supplemental response consists of Ms. Johnson's signed statement of her qualifications, including a statement that she provided the expert report at issue. Respondent contends that the evidence it seeks to offer by way of its expert is important to the case because it highlights specific characteristics of the parties' consumers, the parties' products, and the nature and focus of the parties' advertising.

Trademark Rule 2.120(a)(2) provides in relevant part that "[d]isclosure of expert testimony must occur in the manner and sequence provided in Federal Rule of Civil Procedure 26(a)(2) …." In accordance with Fed. R. Civ. P. 26(a)(2), any expert disclosed who may be used at trial to present evidence must provide a written report (unless otherwise stipulated or ordered by the court), prepared and signed by the witness, which must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

A party which has made a disclosure must supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect (provided the corrective information has not otherwise been made known to the other parties during the discovery process or in writing). Fed. R. Civ. P. 26(e)(1)(A). Any information not disclosed pursuant to Fed. R. Civ. P. 26 may not be used as evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In determining whether the failure was substantially justified or is harmless, the following factors may be considered:

(1) the surprise to the party against whom the witness was to have testified;

(2) the ability of the party to cure that surprise;

(3) the extent to which allowing the testimony would disrupt the trial;

(4) the explanation for the party's failure to name the witness before trial; and

(5) the importance of the testimony.

*See MicroStrategy, Inc. v. Business Objects, S.A.,* 429 F.3d 1344, 1357, 77 USPQ2d 1001 (Fed. Cir. 2005), a case arising out of the Fourth Circuit, applying the factors articulated in *Southern States Rack and Fixture, Inc. v. Sherwin-Williams, Co.,* 318 F.3d 592, 596-97 (4th Cir. 2003).

In this case, respondent timely served its expert disclosure, including a copy of the expert report, a copy of the facts or data considered by the expert witness, and a copy of the witness's curriculum vitae (which provides at least some information going to

the witness's qualifications). Respondent's position is that the deficiencies were harmless. Thus, the question now before the Board is whether the technical deficiencies in the timely-served expert disclosure, which has now been supplemented to remedy such deficiencies, require either the exclusion of the expert's testimony, as requested by petitioner, or the exclusion of the information omitted, or whether the disclosure was supplemented in a sufficiently timely manner to allow discovery by the adverse party.

Although evidence that was not provided, either initially or by supplementation, generally and automatically is excluded under Fed. R. Civ. P. 37(c), exclusion usually is not warranted where there has been prompt supplementation. Wright, Miller, Kane, & Marcus, 8A Fed. Prac. & Pro. Civ. § 2049.1 (3d ed. 2010). "Supplementation of an expert report permits a party to correct inadvertent errors or omissions …." *Id.* quoting *Gallagher v. Southern Source Packaging, LLC*, 568 F.Supp.2d 624 (E.D.N.C. 2008).

In this case, respondent supplemented its expert disclosure as soon as the deficiencies were brought to its attention. There are no last-minute changes, the discovery period is still open, and there is no disruption to trial. While petitioner asks for exclusion of the witness's entire, anticipated testimony, it is usually the information omitted by the disclosure that is automatically excluded.[1] Fed. R. Civ. P. 37(c)(1). Here, prompt

---

[1] The Board notes that the nature of the information not provided with the original service of the expert disclosure is relevant to the qualifications of the proposed expert, not to the substance of the

5

supplementation of the disclosure resolves the problem so that the Board need not consider the question under the Fed. R. Civ. P. 37(c)(1) standard, whether the omissions were substantially justified or harmless.[2]

The facts of this case are analogous to those situations in which one party moves to strike the notice of reliance of its adversary on procedural grounds, and the notice of reliance is defective but such defect is curable.  The Board has allowed the party which filed the timely, but defective, notice of reliance to cure such defect.  *See Boyds Collection Ltd. v. Herrington & Co.,* 65 USPQ2d 2017, 2019 n.6 (TTAB 2003) ("… if this rather insignificant problem were the only deficiency in petitioner's notice of reliance,

---

testimony or expert opinion.  As such, the type of information at issue could only provide a foundation for the expert's qualifications, may be probative of the value of the testimony, and may include information upon which the credibility of the witness could be questioned.

[2] However, even if analyzed under the Fed. R. Civ. P. 37(c)(1) standard, the omissions in this case are harmless.  There is no surprise to the petitioner as to the identity of the witness, or the subject matter for which respondent seeks the expert testimony, because respondent timely served the expert disclosure.  The signed statement from Ms. Johnson and the additional items required to be disclosed by Fed. R. Civ. P. 26(a)(2) concerning the expert's qualifications were easily obtainable upon reminder to respondent that the information was not provided.  Indeed, in response to petitioner's motion to exclude the testimony of Ms. Johnson, respondent provided Ms. Johnson's signed statement and the additional information required by the Rule.  The trial is not disrupted by the deficiencies in the timely expert disclosure insofar as one month remained in the discovery period after the deficient disclosure was served; respondent acted to cure the deficiencies quickly after they were brought to its attention; and the Board is able to adjust the remaining schedule if necessary.  As to the importance of the testimony, the Board does not review evidence prior to final decision.  However, respondent has presented plausible arguments as to why the evidence may be important in this case.

we would allow petitioner an opportunity to cure the defect.");
*Weyerhaeuser Co. v. Katz*, 24 USPQ2d 1230, 1233 (TTAB 1992) (opposer allowed time to submit a substitute notice of reliance to remedy the procedural defects); and *M-Tek, Inc. v. CVP Systems, Inc.*, 17 USPQ2d 1070, 1073 (TTAB 1990) (petitioner allowed an opportunity to correct the defect in its notice of reliance).

In a situation such as this, where supplementation of the disclosure takes place, either upon the initiative of the disclosing party, or after notification by the adverse party that the disclosure was incomplete, and while the discovery period remains open, the Board's policy is that neither the testimony to be proffered by the expert witness nor the information originally omitted will be excluded.[3] *Cf. Griffith v. General Motors Corp.,* 303 F.3d 1276 (11th Cir. 2002)*, cert. denied,* 538 U.S. 1023, 123 S. Ct. 1953, 155 L. Ed. 2d 868 (2003) (although plaintiff contended that defendant failed to adequately disclose the prior cases in which its expert had testified, the district court did not abuse its discretion in permitting the expert to testify); *Outley v. City of New York,* 837 F.2d 587, 590 (2d Cir. 1988) (holding preclusion is too drastic a remedy where a party identified a witness but failed to subsequently supplement the disclosure with additional information).

---

[3] Moreover, given the nature and timing of expert disclosure in Board proceedings, specifically, the scheduling of such disclosure within the discovery period, it is also expected that, in instances where timely expert disclosures are incomplete, the parties will cooperate between themselves to resolve the matter.

Accordingly, the technical deficiencies in respondent's timely-served expert disclosure now having been cured promptly, petitioner's motion to exclude the anticipated testimony of respondent's expert witness is denied, and respondent's expert evidence will not be excluded on the basis of inadequate disclosure.

Although the Board has found the deficiencies in respondent's expert disclosure to be remedied by prompt supplementation, the Board reiterates that a disclosing party is expected to comply with all the requirements of Fed. R. Civ. P. 26(a)(2).

Petitioner also argues that respondent failed to notify the Board that it served an expert disclosure. However, Trademark Rule 2.120(a)(2), 37 C.F.R. § 2.120(a)(2), does not mandate that a disclosing party inform the Board that an expert disclosure has been made. The purpose of informing the Board of such a disclosure is to facilitate discovery. In Board proceedings, a party is to disclose its plan to use an expert thirty (30) days prior to the close of the discovery period. Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242, 42246 (August 1, 2007). This due date is set to allow time for discovery with respect to the disclosed expert witness; for the non-disclosing party to ascertain whether it will or may need to retain an expert to contradict or rebut its adversary's expert witness and, if so, to provide its expert disclosure; and for the parties to seek an extension or suspension of the remaining discovery period to undertake activities and assessments with respect to the disclosed expert witness,

including the need to retain an expert witness for rebuttal and any discovery with respect to the rebuttal expert witness. In any particular case, given that approximately 30 days will remain in the discovery period after a timely expert disclosure is made, it may be that all expert-related discovery matters could be resolved by the close of discovery making notification to the Board of the expert disclosure unnecessary. However, if additional time is needed, either party may inform the Board of the timely expert disclosure and demonstrate good cause for an extension or suspension of the discovery period.

The Board's 2007 adoption of a disclosure model was not meant to provide opportunities for one party to find procedural deficiencies or technical failures upon which to obtain an advantage over its adversary. Instead, the adoption of a disclosure model was intended to provide an orderly administration of the proceeding as it moves toward trial. More particularly, for cases that do not settle, disclosure practices have been found to promote a greater exchange of information, leading to increased fairness and a greater likelihood that cases eventually decided on their merits are determined on a fairly created record. Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242 (August 1, 2007). Thus, a disclosing party's failure to inform the Board of timely disclosure of an expert witness is not a ground to exclude the testimony of such witness.

Accordingly, petitioner's motion to exclude the testimony of respondent's expert witness on the basis that respondent did not inform the Board of the disclosure is denied.

Petitioner's position that Ms. Johnson is not qualified as an expert cannot be imputed based on the technical deficiencies in the originally served expert disclosure and no further consideration is given thereto. The Board does not hear motions in limine and the qualifications of respondent's witness is a subject that can be raised later, at an appropriate time.

Proceedings are resumed and dates are reset as follows:

| | |
|---|---|
| Proceedings to resume: | 3/3/2011 |
| Discovery Closes | **4/1/2011** |
| Plaintiff's Pretrial Disclosures | **5/16/2011** |
| Plaintiff's 30-day Trial Period Ends | **6/30/2011** |
| Defendant's Pretrial Disclosures | **7/15/2011** |
| Defendant's 30-day Trial Period Ends | **8/29/2011** |
| Plaintiff's Rebuttal Disclosures | **9/13/2011** |
| Plaintiff's 15-day Rebuttal Period Ends | **10/13/2011** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.l28(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.